# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
# Judge Daniel D. Domenico

Case No. 1:18-cv-02154-DDD-KMT

CARLOS BRITO,

    Plaintiff,

v.

OAK SHOPPING, L.L.C.,

    Defendant.

---

## ORDER DENYING SUMMARY JUDGMENT AND DISMISSING CASE WITHOUT PREJUDICE

---

Plaintiff, who is disabled, alleges he visited a shopping center in Colorado Springs owned by Defendant. Plaintiff brought this suit under Title III of the Americans with Disabilities Act ("ADA"), seeking injunctive relief, namely, an order that Defendant alter the shopping center to make it readily accessible to and usable by individuals with disabilities. *See* 42 U.S.C. § 12118(a). Before the Court is Plaintiff's motion for summary judgment (Doc. 33), which is **DENIED**. Plaintiff lacks standing, and this case is therefore dismissed without prejudice.

## BACKGROUND

Plaintiff Carlos Brito is a paraplegic who requires a wheelchair. He lives with his grandmother in Miami, in a house he owns, but has "a place [ ] in Colorado," at which he "sometimes" spends time. (Brito Dep., Doc. 34-1, at 6.) Defendant Oak Shopping, L.L.C., owns a shopping center located at 705–777 Garden of the Gods Road in El Paso County, Colorado.

By affidavit Mr. Brito asserts that, at the shopping center, he encountered various barriers to access that denied him the full and equal enjoyment of the facility, including issues in the parking lot, entrances to various business, and in certain restrooms. (Brito Aff., Doc. 33-1, at 2–4.) He specifically scrutinized Coaches Sports Bar and George's Gyro & Dogs. (*Id.* at 3.) He further attests: "I have been a patron of the shopping center[.] . . . I definitely plan to return, and will definitely do so in the very near future. I also plan to return to the subject shopping plaza property to verify compliance with the ADA." (*Id.* at 1.)[1]

Mr. Brito filed this lawsuit, and a Federal Rule of Civil Procedure 34 inspection of the shopping center was performed on his behalf. (*See* Docs. 33-3, 33-4.) The resulting report concluded that there were indeed barriers to access at the shopping center and that those barriers' removal was readily achievable. (Doc. 33-3, at 1.) According to Oak Shopping, it has since timely made all readily achievable repairs. (J.P. Robert Nolette III Aff., Doc. 34-9.)

## DISCUSSION

Mr. Brito filed a motion for summary judgment, seeking injunctive relief requiring Oak Shopping to remedy its alleged ADA violations,

---

[1] Though unsigned, Mr. Brito's Affidavit uses the language of 28 U.S.C. § 1746, which permits it to have the force of an affidavit in a federal proceeding.

As proof that he has visited the shopping center, Mr. Brito attached receipts to his affidavit. The receipts are from businesses—La Casita Mexican Grill (306 S. 8th St.), Popeye's (312 S. 8th St.), and Subway (308 S. 8th St.)—that are located elsewhere. (*See* Doc. 33-2.) In his motion for summary judgment, Mr. Brito has also asserted that the shopping center holds itself out to the public as "Colorado Place Shopping Center." (Doc. 33, at 1.) Oak Shopping claims, instead, it's known as the "Oaks Shopping Center." (J.P. Robert Nolette III Aff., Doc. 34-9, at 1.)

as well as for attorneys' fees and litigation expenses. *See* 42 U.S.C. § 12188. Oak Shopping counters that it made all readily achievable repairs soon after receiving the Rule 34 inspection report but, more pressingly, this suit must be dismissed because Mr. Brito does not have standing to bring it.

At its "irreducible constitutional minimum," standing has three elements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). First, a plaintiff must suffer an "injury in fact" that is actual or imminent. *Id.* Second, the injury must be fairly traceable to the challenged action of the defendant. *Id.* Third, it must be likely that the injury will be redressed by the relief requested. *Id.* at 561. The

> "injury in fact" requirement is satisfied differently depending on whether the plaintiff seeks prospective or retrospective relief. To seek prospective relief, the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future. Past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury. The threatened injury must be "certainly impending" and not merely speculative.

*Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 105, 107 n.8 (1983) and *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000); *see also Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (noting that an injunction is prospective relief and applying the real and immediate threat of future injury test to ADA action). "At the summary judgment stage of litigation, the elements of standing must be set forth by affidavit or other evidence." *Tandy*, 380 F.3d at 1288.

In *Tandy v. City of Wichita*, the plaintiffs, who were compliance "testers," alleged that Wichita Transit's fixed-route bus system was intentionally inaccessible to and unusable by people with disabilities, largely because of lift malfunction. 380 F.3d at 1280. The court discussed whether each of the plaintiffs had successfully demonstrated injury in fact. There, Ms. Allen had standing because she had used the bus system for many years and had an averred intent to use it "several times per year" in the future. *Id.* at 1284. The court noted that "'several times per year' is not a mere 'someday intention.' Speculative, 'someday' intentions do not support standing to seek prospective relief." *Id.* Likewise, Mr. Goupil and Ms. Donnell "averred that [they] intend[] to test Wichita Transit's fixed-route services several times per year, starting in May 2002." *Id.* at 1287–88. But Mr. Garnett did not have standing: "He merely alleged, in the complaint, that he 'desires' to use Wichita Transit's fixed-route bus system. Because of this case's summary judgment posture, Garnett's mere allegation does not suffice to establish that he is under a real and immediate threat of repeated injury." *Id.* at 1288.

In *Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, another ADA case, the court again held that one of the plaintiffs had standing to seek prospective relief:

> In two affidavits, Ms. Farrar averred that she "intend[s] to . . . return to" the Park Meadows Hollister, and that she "will likely be going to the Park Meadows Mall at least six times per year," *id.* at 644. This "six times per year" testimony has the same effect as the "several times per year" testimony in *Tandy*. It suggests a concrete, present plan to return to the Park Meadows Hollister several times—at least six—each year, including the year in which Ms. Farrar made that statement.

4

765 F.3d at 1211–12 (citing *Tandy,* 380 F.3d at 1284). The defendant challenged the plausibility of the plaintiff's intent to return, pointing out that she had never entered a Hollister store and that the Park Meadows Mall was not the closest to her. But the Court rebuffed these arguments, citing its obligation, at the summary judgment stage, to "take the specific facts set forth in Ms. Farrar's affidavit as true." *Id.* at 1212.[2]

Oak Shopping argues that Mr. Brito has failed to satisfy the injury in fact element of standing. The Court agrees. In *Colorado Cross Disability Coalition*, the court was presented with two averments—that the plaintiff "intends . . . to return to" the mall and that the plaintiff "will likely be going to the Park Meadows Mall at least six times per year." Only the latter of these did the court liken to the satisfactory proof of standing offered in *Tandy* because it suggested "a concrete, present plan." Here, Mr. Brito has said nothing more than he visited the shopping center once, and he "definitely plan[s] to return." (Brito Aff. at 1.) From this, the Court can discern no actual plan to revisit, and hence no real or immediate threat of future injury. His injury is "merely speculative," not "certainly impending."

The limited evidence presented bears that out. "As the distance between a plaintiff's residence and a public accommodation increases, the likelihood of future harm decreases." *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163–64 (C.D. Cal. 2005) (noting that courts have "often held that such a distance weighs against finding a reasonable likelihood of future harm"). And where a plaintiff has visited a public accommodation only once, the lack of a "history of past patronage seems to negate

---

[2] Both *Tandy* and *Colorado Cross Disability Coalition* further held that "testers" do not lack standing simply because of their status as such. *Tandy*, 380 F.3d at 1287; *Colorado Cross Disability Coal.*, 765 F.3d at 1211.

5

the possibility of future injury at [that] particular location." *Id.* at 1164 (quoting *Parr v. L & L Drive–Inn Restaurant*, 96 F. Supp. 2d 1065, 1079 (D. Haw. 2000)). Mr. Brito does not reside within a reasonable proximity to the Oaks Shopping Center. He testified that he resides in Miami, and in the same residence for the last twenty years. (*See* Brito Dep. at 5–7.) While there is some evidence that he may "switch" between his Miami residence and staying with his brother in Colorado Springs,[3] there is no evidence in the summary judgment record that Mr. Brito has been in Colorado, much less visited the shopping center at issue here, since 2017. Nor has he come to Colorado to participate in this case, including his deposition and mediation, both of which Mr. Brito attended telephonically from Miami. (*See* Doc. 34-6.) His testimony also reveals a lack of familiarity with the shopping center (*see* Brito Dep. at 9–11); and one of the businesses he seemingly desires to revisit, George's Gyros, has been gone for several years. (J.P. Robert Nolette III Aff. at 2.)

Mr. Brito's argument that he is "frequently" in Colorado and spends "significant time" in the state is not supported by the record in this case. (*See* Doc. 35, at 2.)[4] And Colorado is a relatively large place. There are no facts in the record suggesting "a concrete, present plan," on his part, to return to the shopping center. "Speculative, 'someday'

---

[3] In his affidavit, Mr. Brito attested: "My address is 1005 Norwood Avenue, Colorado Springs, Colorado 80905." (Brito Aff. ¶ 1.) But as Oak Shopping points out, that address belongs to his brother, Pedro Brito. (*See* Doc. 34-8.)

[4] In fact, his only support for being in Colorado at any time after visiting the shopping center in 2017 is that he "filed several other Complaints against non-compliant [Colorado] properties and alleged that he was in Colorado in June of 2019" in those complaints. (Doc. 35, at 2.) But as *Tandy* makes clear, at the summary judgment stage, a plaintiff may not rest upon allegations in a complaint. And the Court is not persuaded to take allegations from complaints in other cases as establishing truth in this case.

intentions do not support standing to seek prospective relief." *Tandy*, 380 F.3d at 1284.

Upon its review of the evidence, therefore, the Court holds that Mr. Brito lacks standing to prosecute this case, which is here by **DISMISSED WITHOUT PREJUDICE**. Mr. Brito's motion for summary judgment (Doc. 33) is **DENIED**. This case shall be closed.

Dated: March 23, 2020.  BY THE COURT:

_____
Daniel D. Domenico
United States District Judge